# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8338
mwlampe@jonesday.com

October 8, 2021

```
Application granted. SO ORDERED.

New York, NY              /s/ John G. Koeltl
October 11, 2021          John G. Koeltl, U.S.D.J.
```

CM/ECF

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    *Chandler v. International Business Machines Corporation*, No. 1:21-cv-06319-JGK

Dear Judge Koeltl:

    Earlier today, Your Honor granted Plaintiff's Motion to Seal "except copies of the documents with the alleged confidential material redacted should be filed in the public docket." (Docket No. 18.) At 5:34 pm, we received an email from Plaintiff's counsel with proposed redactions of Plaintiff's 30-page summary judgment motion, 28-page 56.1 statement, and counsel's 9-page declaration. Counsel also indicated that she would be publicly filing 10 of the exhibits to her declaration. She asked Defendant to identify "right away" any additional portions of the summary judgment motion, 56.1 statement, and declaration for redaction because "we are planning to file these today." The email did not seek Defendant's position on whether the 10 exhibits should be filed publicly.

    In light of these circumstances, we move the Court to temporarily maintain under seal Plaintiff's summary judgment filing and the various exhibits thereto pending resolution of the underlying motions. Confidentiality is at the heart of Plaintiff's claims in this case. Indeed, Plaintiff seeks a declaratory judgment that the confidentiality provision of IBM's arbitration agreement is unenforceable. And Plaintiff's summary judgment motion attaches, describes, and cites to dozens of documents that are subject to this confidentiality provision. This includes documents produced by IBM, orders issued by arbitrators, and transcripts of IBM manager deposition taken in confidential arbitrations. For his part, in attempting to make unilateral decisions about what should be filed publicly, Plaintiff puts the cart before the horse. It will be up to the Court to determine – after the briefing schedule agreed to by the parties and adopted by the Court – whether the confidentiality provision in IBM's arbitration agreement is enforceable. Not only that, through his threats of unilateral public filings, Plaintiff seeks to run roughshod

JONES DAY

Hon. John G. Koeltl
October 8, 2021
Page 2

over Your Honor's meet-and-confer requirements (*see* Individual Practices Section VI) on sealing and redaction.

      Therefore, we ask the Court to defer any filing in the public record of documents with confidential information redacted until after the resolution of the underlying summary judgment motions/motions to dismiss.  We further ask that the Court require the parties to meet and confer on these issues, and submit any disputes to the Court within 14 days after the Court's rulings on the underlying summary judgment motions/motions to dismiss.  In so doing, we ask that you adopt the approach of District Judge Furman, who in *In re: IBM Arbitration Agreement Litigation* – a consolidated case involving 25 plaintiffs who assert claims similar to those of Plaintiff here and which is proceeding on an identical summary judgment/motion to dismiss briefing schedule – ordered the temporarily sealing of plaintiffs' summary judgment filing pending resolution of the underlying motion.  *See In re: IBM Arbitration Agreement Litigation*, No. 1:21-cv-06296 (JMF), at Docket No. 32 (October 8, 2021).

                                                                 Respectfully submitted,

                                                                 */s/ Matthew W. Lampe*

                                                                 Matthew W. Lampe

cc:     Shannon Liss-Riordan, Esq.